IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MANDRIEZ RAMON SPIVEY,** | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:10-CR-00017 (CAR) |
| VS. | : | NO. 5:11-CV-90111 (CAR) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | Proceedings Under 28 U.S.C. § 2255 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| _____ | : | |

### RECOMMENDATION

Before the Court is Petitioner Mandriez Ramon Spivey's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 78. Petitioner pleaded guilty to one count of possession of a firearm by a convicted felon and was sentenced to 85 months imprisonment. In his motion, Petitioner raises one ground alleging multiple claims of ineffective assistance of counsel, one ground challenging a prior state court conviction used to enhance his sentence, and one ground alleging that the information used to calculate his sentencing guideline range violated his due process rights. Petitioner has failed to show that his counsel's performance was deficient or that he was prejudiced by his counsel's performance. Additionally, Petitioner has failed to show that his prior state court conviction was invalid, and Petitioner has failed show that the information contained in the Presentence Investigation Report violated his due process rights. Accordingly, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2010, a single-count indictment was returned in this Court charging Petitioner Mandriez Ramon Spivey with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. On March 19, 2010, Petitioner entered a plea of

1

not guilty to the offense. Doc. 9. Following discovery and plea negotiations, Petitioner entered into a plea agreement with the Government. Doc. 23. On July 8, 2010, Petitioner pleaded guilty to the indictment as charged. Doc. 22.

On November 3, 2010, Petitioner's case was called for sentencing. Doc. 30. At sentencing, Petitioner objected to his base offense level as determined by the Presentence Investigation Report (PSR). Doc. 53. Petitioner argued that his prior aggravated stalking conviction was not a crime of violence and therefore should not be used to enhance his sentence. Id. The Court accepted the PSR over Petitioner's objections and determined that Petitioner's sentencing guideline range was 70 to 87 months. Id. The Court sentenced Petitioner to 85 months imprisonment followed by three years of supervised release. Id. Judgment was entered against Petitioner on November 15, 2010. Doc. 37.

On November 18, 2010, Petitioner filed a notice of appeal. Doc. 39. On appeal, Petitioner argued that the district court erroneously calculated his base offense level by determining that his prior aggravated stalking conviction qualified as a crime of violence. Doc. 82. On August 10, 2011, the Eleventh Circuit affirmed Petitioner's conviction and sentence. Id. On August 23, 2011, Petitioner filed the instant Section 2255 motion.

## DISCUSSION

Petitioner alleges three grounds for relief: (1) that he received ineffective assistance of counsel; (2) that his prior state aggravated assault conviction used to enhance his sentence was invalid; and (3) that information used to calculate his advisory sentencing guideline range violated his due process rights. Petitioner has failed to show that his counsel's performance was deficient or that he was prejudiced by his counsel's performance. Additionally, Petitioner has failed to show that his prior state court aggravated assault conviction was invalid, and Petitioner

has failed to show that the information in the PSR violated his due process rights. Accordingly, Petitioner's Section 2255 motion is without merit.

An evidentiary hearing is not necessary in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). As explained below in addressing each of Petitioner's grounds for relief, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

1. Ineffective Assistance of Counsel

Ground One alleges various claims of ineffective assistance of counsel. Petitioner contends that his counsel was ineffective because (1) counsel failed to have Petitioner mentally evaluated; (2) counsel failed to pursue a motion for a sentence reduction pursuant to U.S.S.G. §§ 5K3.1, 4A1.3, 5H1.1, 5H1.2, 5H1.3, 5H1.4, and 5H1.6; (3) counsel failed to contest the validity of Petitioner's prior state aggravated assault conviction; (4) counsel was a part of a conspiracy to videotape and harass Petitioner while he was in jail; (5) counsel failed to investigate Petitioner's relationship with the victim of his prior state aggravated stalking conviction; (6) counsel failed to advise the Court that a detainer was lodged against Petitioner; (7) counsel failed to recognize that the PSR contained the incorrect court date, which prevented Petitioner's family from attending sentencing as character witnesses; and (8) counsel failed to review the PSR with Petitioner.

The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. Amend. VI. The right to counsel provision provides the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of

ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, *and* 2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that the counsel's performance was reasonable and the challenged action constituted sound strategy. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). In the context of a guilty plea, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59. If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

### a. failure to have Petitioner mentally evaluated

Petitioner has failed to present sufficient evidence to create a *bona fide* doubt that he was mentally incompetent at the time that he entered his guilty plea. It is well established that the conviction of a legally incompetent person violates due process. Pate v. Robinson, 383 U.S. 375, 378 (1966). "Incompetency means 'suffering from a mental disease or defect rendering [a defendant] mentally incompetent to the extent that he is unable to understand the nature of the consequences of the proceedings against him or to assist properly in his defense." Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005) (quoting 18 U.S.C. §4241(a)). In order to trigger an obligation to order a competency evaluation or hearing, there must be information regarding a defendant's mental state that creates a "*bona fide* doubt" as to the defendant's competency. Watts v. Singletary, 87 F.3d 1282, 1286-87 (11th Cir. 1996). This standard of proof is high, and "the facts must positively, unequivocally, and clearly" generate the *bona fide* doubt. Battle, 419 F.3d at 1299.

Petitioner has failed to allege facts that positively, unequivocally, and clearly create a *bona fide* doubt about his competency to assist his defense or to enter a valid guilty plea. Petitioner merely makes a general allegation that counsel should have had him mentally evaluated. Additionally, there is nothing in the record to suggest that Petitioner is or was mentally incompetent. Although Petitioner's allegations regarding a conspiracy against him involving the jail cameras suggests that he may suffer from some form of paranoia, the record as a whole does not create a *bona fide* doubt about Petitioner's competency. Moreover, when Petitioner was questioned about mental illness at his change of plea hearing, Petitioner responded that he had never been treated for mental illness. Doc. 52. Petitioner also stated at the change of

5

plea hearing that his mind was clear and that he understood the nature of the charges against him and contents of the plea agreement. Id.

Petitioner has not demonstrated that counsel's failure to have Petitioner mentally evaluated and pursue the issue of competency fell below an objective standard of reasonableness or that Petitioner was prejudiced by counsel's performance in that regard. Additionally, Petitioner is not entitled to an evidentiary hearing to explore the issue. An evidentiary hearing is not to be used as a means for a petitioner to allege additional facts to support his claims, but rather it is "an instrument to test the truth of facts already alleged in the habeas petition." Jones v. Polk, 401 F.3d 257, 269 (4th Cir. 2005); see also In re Shriner, 735 F.2d 1236, 1241 (11th Cir. 1984) (stating that evidentiary hearings are not "fishing expeditions" to explore unsupported allegations).

**b. failure to pursue sentence reduction**

Petitioner has failed to show that his counsel was ineffective for failing to request a sentence reduction pursuant to U.S.S.G. §§ 5K3.1, 4A1.3, 5H1.1, 5H1.2, 5H1.3, 5H1.4, and 5H1.6. Petitioner has failed to present any substantive argument or factual allegations to support a claim that he would have been eligible for such departures. As such, Petitioner has failed to show that his counsel's performance was deficient or that he was prejudiced by counsel's performance.

Moreover, the sections cited by Petitioner are inapplicable to his case. Section 5K3.1 states that the Government may move the court to depart downward from the sentencing guideline range pursuant to an early disposition plan. The Middle District of Georgia does not have an early disposition plan, thus Petitioner could not have been entitled to a 5K3.1 motion. Section 4A1.3 refers to an upward departure, and as such Petitioner surely did not intend for his

counsel to request for a 4A1.3 motion. Section 5H1.1 states that age may be relevant in determining whether a downward departure is warranted, especially for defendants who are elderly and infirm. Petitioner was thirty-one years old when he entered his plea, and therefore he was not a likely candidate for a 5H1.1 motion. Section 5H1.2 states that educational and vocational skills are not ordinarily relevant in determining if a departure is warranted, but that they may be relevant in determining conditions of supervised release or recommending a type of community service. There is no indication in the record that Petitioner has any particular educational or vocational skills relevant to his sentence. Section 5H1.3 states that mental and emotional conditions may be relevant in determining whether a departure is warranted. As discussed above, Petitioner has not shown that he suffers from such mental conditions. Section 5H1.4 states that the court can consider a defendant's physical condition and/or addictions in determining if a departure is appropriate. Again, Petitioner has failed show anything unusual about his physical condition or addictions that would entitled him to a 5H1.4 motion. Finally, Section 5H1.6 states that family ties are not relevant in determining whether a departure is warranted. As such, Section 5H1.6 would not offer Petitioner any relief.

Because Petitioner has failed to present any evidence supporting his claim that his counsel should have requested the above motions for a downward sentencing departure, and because the sections cited by Petitioner are inapplicable to his case, Petitioner has failed to show that his counsel was ineffective for pursuing those motions.

### c. failure to contest prior state aggravated assault conviction

Petitioner has failed to show that his counsel was ineffective for failing challenge his prior state conviction for aggravated assault on a peace officer. Petitioner contends that he was coerced into pleading guilty to the aggravated assault charges and that the evidence would have

shown that he was only guilty of a misdemeanor. Petitioner is essentially attempting to challenge the validity of his state court aggravated assault conviction though a claim of ineffective assistance of counsel. A defendant generally may not attack his prior state court conviction during a federal sentencing hearing. United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993). A sentencing court, however, may not rely on a prior conviction that is "presumptively void." Id. A conviction is presumptively void if the conviction was obtained without the assistance of counsel in violation of Gideon v. Wainright, 372 U.S. 335 (1963). See id.; Daniels v. United States, 532 U.S. 374, 382 (2001).

In this case, Petitioner has failed to present any evidence that his prior state court aggravated assault on a peace officer conviction is presumptively void. Although it is not altogether clear which state charge Petitioner is referring to, Petitioner states that he was represented by attorney Daryl Morton at his state proceedings. Doc. 78-1.[1] As such, Petitioner's conviction was not uncounseled in violation of Gideon. Petitioner's prior aggravated assault conviction is therefore not presumptively void. Because counsel was not allowed to attack Petitioner's state conviction at sentencing, it was not unreasonable for counsel to fail to do so. Additionally, because the state court conviction is not presumptively void, Petitioner was not prejudiced by counsel's performance.

### d. participation in a conspiracy

Petitioner has failed to show that his counsel was ineffective for participating in a conspiracy involving videotaping Petitioner while he was incarcerated. Petitioner believes that the video surveillance equipment in his cell was being used by various people, including his

---

[1] In piecing together Petitioner's various arguments, it appears that Petitioner is discussing his aggravated assault charge when referring to Attorney Morton, despite the fact that Petitioner begins to discuss his aggravated stalking charge in the following paragraph.

counsel, to harass Petitioner. Petitioner has failed to present any evidence of an ongoing conspiracy against him. Accordingly, Petitioner's claim is without merit.

### e. failure to investigate Petitioner's relationship with the victim of his prior state aggravated stalking conviction

Petitioner has failed to show that his counsel was ineffective for failing to investigate Petitioner's relationship with the victim of his prior state aggravated stalking conviction. Petitioner's aggravated stalking charge alleged that Petitioner went to the victim's house and threatened to kill her. Petitioner claims that he did not threaten the victim while at her house, but rather he had made the threats on the phone before he went to her house. Because counsel raised this argument at sentencing and on appeal, counsel was not ineffective for failing to further explore Petitioner's relationship with the victim.

At sentencing and on appeal, counsel argued that Petitioner's aggravated stalking conviction was not a crime of violence and thus could not be used to enhance Petitioner's sentence. Counsel argued at sentencing that it was not clear from the record where Petitioner was when he made the threats and that Petitioner may have made the threats on the phone. Counsel then argued that because aggravated stalking did not statutorily qualify as a crime of violence, and because there were not sufficient facts to establish that Petitioner's actions were violent, Petitioner's conviction did not qualify as a crime of violence for sentencing enhancement purposes. The Court rejected counsel's argument and applied the enhancement.

Counsel raised the same argument on appeal. The Eleventh Circuit determined that a "[a] person bent on harassing and intimidating his victim notwithstanding a court order prohibiting contact with the victim creates a heightened danger of violent confrontation." United States v. Spivey, No. 10-15378 (Doc. 82) (internal quotations omitted). The Eleventh Circuit then stated that "[w]hen approached at her home, a beleaguered victim of harassment and intimidation might

feel compelled to repel the harasser, which in turn could provoke the harasser to respond with force to any defiance or resistance." Id. Petitioner attempts to distinguish his case from the Eleventh Circuit's reasoning by stating that he did not threaten the victim at her house, but rather he threatened her on the phone before going to her house. Petitioner's allegations that the threats were made before going to the victim's house clearly fit within the Eleventh Circuit's reasoning. Accordingly, Petitioner's claim has no merit.

Because counsel argued at sentencing and on appeal that the facts surrounding Petitioner's prior aggravated stalking conviction did not support a finding that the conviction was a crime of violence, counsel's performance was not deficient. Additionally, because Petitioner's attempt to distinguish his case from the Eleventh Circuit's reasoning is without merit, Petitioner was not prejudiced by counsel's performance.

**f.   failure to advise the Court that a detainer was lodged against Petitioner**

Petitioner has failed to show that his counsel was ineffective for failing to inform the Court that the State of Georgia had lodged a detainer against Petitioner. Petitioner does not explain how counsel's alleged failure to inform the Court about the detainer could have affected Petitioner's case. Because Petitioner has failed to show that the outcome of the proceedings would have been different if the Court had been aware of the detainer, Petitioner's claim is without merit.

**g.   failure to recognize that the PSR contained the wrong court date, which prevented Petitioner's family from attending sentencing as character witnesses**

Petitioner has failed to show that his counsel was ineffective for failing to ensure that the PSR contained the correct court date so that Petitioner's family could be present at sentencing as potential character witnesses. Again, Petitioner has failed to present any evidence to support his claim. Petitioner has not presented any evidence of potential testimony from his family nor has

10

he shown how his family's testimony would have changed the outcome of the proceedings. Moreover, Petitioner was given an opportunity to address the Court at sentencing, and Petitioner did not raise any issues regarding the court date or his family's inability to be present to speak on his behalf. Accordingly, Petitioner's claim is without merit.

### h. failure to review PSR with Petitioner

Petitioner has failed to show that his counsel was ineffective for failing to review the PSR with Petitioner. Petitioner's PSR was discussed at sentencing, and Petitioner never mentioned that his counsel had failed to review the PSR with Petitioner prior to sentencing. Additionally, Petitioner has not alleged or demonstrated how counsel's alleged failure to review the PSR with Petitioner affected the outcome of the case. Accordingly, Petitioner's claim is without merit.

2. Invalid State Conviction Used to Enhance Sentence

Ground Two alleges that Petitioner's state aggravated assault on a peace officer conviction is invalid because he was coerced into pleading guilty. As indicated above, a petitioner generally cannot attack a prior state conviction used to enhance a sentence through a Section 2255 motion. Daniels, 532 U.S. at 382. The lone exception to the general rule is where the prior state conviction was uncounseled in violation of Gideon. Id. Petitioner has failed to allege that his prior state conviction was obtained without the assistance of counsel. In fact, it appears that Petitioner admits that Attorney Morton represented him when he pleaded guilty to the aggravated assault charge. Accordingly, Ground Two is without merit.

3. The PSR Violated Petitioner's Due Process Rights

Ground Three alleges that the information in the PSR used to calculate his sentencing guideline range violated his due process rights. A sentencing court is required to consider "the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." 18 U.S.C. § 3661. Nonetheless, "due process assures the defendant he will be given adequate notice and opportunity to contest the facts relied upon to support his criminal penalty." United States v. Satterfield, 743 F.2d 827, 840 (11th Cir. 1984). "The sole interest being protected is the right not to be sentenced on the basis of invalid premises or inaccurate information." Id. To establish a due process violation based on the PSR containing inaccurate information, the petitioner must show "(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984).

In this case, Petitioner has failed to show that the evidence contained in the PSR is materially false or that the allegedly false information actually served as a basis for his sentence. Petitioner merely makes a general allegation that the PSR violated his due process rights. Because Petitioner has failed to present any evidence that false information was used as a basis for his sentence, Ground Three is without merit.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 25th day of September, 2012.

                                              s/ Charles H. Weigle_____
                                              Charles H. Weigle
                                              United States Magistrate Judge